CATHERINE B. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket Nos. 12680-77, 13473-78.
United States Tax Court
T.C. Memo 1980-319; 1980 Tax Ct. Memo LEXIS 262; 40 T.C.M. (CCH) 983; T.C.M. (RIA) 80319; August 18, 1980, Filed *262 Petitioner was married but living separately from her husband during the years at issue. Held, petitioner is not entitled to file her tax returns and compute her tax as an unmarried individual. Held further,section 6653(a), I.R.C. 1954, penalty not imposed. Catherine B. Baker, pro se. Shuford Tucker, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies of $205.59 and $159.00 in petitioner's Federal income taxes for 1974 and 1975, respectively, and an addition to tax of $7.95 for 1975. After concessions, the remaining issues for decision are: 1. Whether petitioner is entitled to file her 1974 and 1975 Federal income tax returns as an unmarried individual. 2. Whether petitioner is liable for the section 6653(a)[1] addition to tax for 1975. *264 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Catherine B. Baker resided at Chattanooga, Tennessee, when she filed her 1974 and 1975 Federal income tax returns with the Internal Revenue Service Center, Memphis, Tennessee, and when she filed her petition in this case. On her returns for 1974 and 1975, petitioner claimed the filing status of a single individual and computed her tax accordingly. From approximately 1953 through late 1973, petitioner lived with her husband William Baker (hereinafter Baker). In November 1973, a city judge in Chattanooga placed Baker on probation for threatening petitioner with a gun and ordered him to stay away from her for two months. Following the expiration of the probationary period, Baker ceased to reside with petitioner. During the years 1974 and 1975, petitioner lived with her minor daughter, Tracey, separate and apart from Baker. At all times during those years, petitioner and Baker were married and were not legally separated pursuant to a decree by a court of *265 competent jurisdiction. During each of the years at issue, Baker paid $1,656 in mortgage payments on the house in which petitioner and Tracey resided. During those same years, petitioner paid $1,237.58 and $1,218.80, respectively, for food, utilities, phone and miscellaneous household expenses. In his notice of deficiency, respondent determined that petitioner's proper filing status was "married filing separately" and accordingly recomputed her tax liability on that basis. Respondent also determined that part of the underpayment of tax for 1975 was due to negligence and intentional disregard of rules and regulations under section 6653(a). OPINION Issue 1: Filing Status
We must decide whether petitioner is entitled to file her 1974 and 1975 income tax returns as an unmarried individual and thereby compute her tax liability under section 1(c). Respondent contends that petitioner was married during each of those years and, therefore, cannot file as an unmarried individual. We agree. Section 1(c) imposes a tax at the rates specified therein on every individual, other than a surviving spouse or the head of a household, who is not a married individual as defined in *266 section 143. Section 143 provides the following rules for determining an individual's marital status: (a) General Rule.--For purposes of this part-- (1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during his taxable year such determination shall be made as of the time of such death; and (2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. (b) Certain Married Individuals Living Apart.--For purposes of this part, if-- (1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent (A) who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the individual, and (B) with respect to whom such individual is entitled to a deduction for the taxable year under section 151, (2) such individual furnishes over half of the cost of maintaining such household during the taxable year, and (3) during *267 the entire taxable year such individual's spouse is not a member of such household, such individual shall not be considered as married. In the instant case, we have found as a fact that despite the two-month probation and physical separation ordered by the Chattanooga city judge in November 1973, petitioner and Baker were still married as of the close of 1974 and 1975 and were not legally separated. See section 143(a). Moreover, since petitioner did not provide over half the cost of maintaining a household for herself and Tracey, she cannot be treated as unmarried under section 143(b). See sec. 1.143-1(b)(4), Income Tax Regs. Accordingly, we hold that petitioner is not entitled to determine her tax for those years as an unmarried individual, but must use the higher rates applicable to married individuals filing separately under section 1(d). Issue 2: Negligence Penalty
Respondent imposed the section 6653(a) negligence penalty for petitioner's failure to keep adequate records to support her filing position for 1975. Petitioner has the burden of proving that respondent's imposition of this penalty was wrong. Enoch v. Commissioner,57 T.C. 781, 802 (1972). *268 Although we have held that petitioner erroneously claimed the filing status of an unmarried individual for 1975, it is our view that she took this position in good faith and based on an honest misunderstanding of the legal effect of the order handed down by the city judge in Chattanooga, Tennessee. Cf. Wofford v. Commissioner,5 T.C. 1152, 1166-1167 (1945). Accordingly, we hold that no part of petitioner's deficiency for 1975 was due to negligence or intentional disregard of rules and regulations. To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩